# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 5, 2021

Lyle W. Cayce
Clerk

No. 19-10326
Summary Calendar

CHARLES E. JOHNSON,

*Plaintiff—Appellant*,

*versus*

UNITED STATES OF AMERICA,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-614

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Charles E. Johnson, federal prisoner # 83808-180, filed a complaint contending that he received negligent medical care in violation of the Federal Tort Claims Act (FTCA).  The district court ordered that the complaint be dismissed without prejudice because Johnson failed to show that he complied

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

with all sanction orders previously entered against him in federal court or that he adhered to prior district court orders requiring him to obtain permission from a federal judge before filing a civil suit. Johnson subsequently obtained consent to file a new suit in which he once again argued that he was denied proper medical care in violation of the FTCA. The district court granted the Government's motion to dismiss the suit under Federal Rule of Civil Procedure 12(b)(6) on the basis that the complaint was untimely.

Johnson has appealed from the dismissal of his complaint as untimely. We review de novo the grant of a motion to dismiss under Rule 12(b)(6). *See Romero v. City of Grapevine, Texas*, 888 F.3d 170, 176 (5th Cir. 2018). To the extent that Johnson presents claims as to the district court's earlier judgment dismissing his prior complaint without prejudice, those claims are not before this court. He took no action to appeal or to continue the earlier proceedings and did not attempt to preserve any cause of action as to the prior complaint.

According to Johnson, the district court erred in dismissing his instant suit as untimely because he was entitled to equitable tolling. The time limits to file a FTCA claim can be equitably tolled where, inter alia, the plaintiff has been misled about his rights or has actively pursued his judicial remedies by filing a defective pleading during the statutory period. *See United States v. Kwai Fun Wong*, 575 U.S. 402, 412 (2015); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 & nn.3-4 (1990); *Perez v. United States*, 167 F.3d 913, 917 (5th Cir. 1999).

Johnson has failed to show that he was misled about his rights by either the agency responsible for deciding his administrative claim or by the courts. *See Irwin*, 498 U.S. at 96 & nn.3-4. While he contends that equitable tolling is justified because he timely filed a defective complaint (i.e., the complaint that was dismissed without prejudice), there is no indication that filing suit in violation of clear and uncomplicated orders detailing the requirements to

initiate an action is analogous to cases in which we have applied equitable tolling. *See, e.g., Granger v. Aaron's, Inc.*, 636 F.3d 708, 713 (5th Cir. 2011); *Clymore v. United States*, 217 F.3d 370, 375-76 (5th Cir. 2000); *Perez*, 167 F.3d at 917-18. In any event, the record does not establish that Johnson exercised due diligence in preserving his legal rights. *See Irwin*, 498 U.S. at 96. The circumstances surrounding the untimely filing of the instant suit instead are indicative of a "garden variety" case of excusable neglect that does not merit application of equitable tolling. *See id.*

Finally, Johnson argues that the Government filed its appellate brief out of time and did not obtain leave of court to do so. Thus, he asserts that the brief should be stricken. His claim is unsupported by the record.

The judgment of the district court is AFFIRMED.